Jagroop Sandhu
425 Manciano Way
Reno, NV 89521
(775) 443-2749
jaggu1991@yahoo.com
*Pro Se Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JAGROOP SANDHU,<br><br>    Plaintiff,<br><br>vs.<br><br>ENTERPRISE HOLDINGS, INC.; EAN HOLDINGS, LLC; and ENTERPRISE LEASING COMPANY – WEST, LLC dba ENTERPRISE RENT-A-CAR,<br><br>    Defendants. | CASE NO:<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Jagroop Sandhu (hereinafter "Plaintiff"), for his Complaint against Defendants Enterprise Holdings, Inc, EAN Holdings, LLC, and Enterprise Leasing Company – West, LLC dba Enterprise Rent-a-Car (collectively "Defendants"), hereby states and alleges as follows:

I. **NATURE OF THE ACTION**

1. This is a civil action for damages sustained by Plaintiff as a result of Defendants' employment discrimination on the basis of Plaintiff's race and national origin, pursuant to Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), 42 U.S.C. § 2000e, *et seq.* and Chapter 613 of the Nevada Revised Statutes (hereinafter "NRS").

II. **JURISDICTION AND VENUE**

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States.

1

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiff's state law claims, which are related to Plaintiff's federal law claims, arise out of a common nucleus of related facts, and form part of the same case or controversy under Article III of the United States Constitution.

4. Venue lies in the District of Nevada pursuant to 28 U.S.C. § 1391(b)(2) because the events and omissions giving rise to Plaintiff's claims occurred in Nevada.

5. Venue further lies in the unofficial Northern Division of the District of Nevada pursuant to Local Rule IA 1-8, as the present action arose in Washoe County, Nevada.

### III.   PARTIES

6. Plaintiff is an adult resident of Washoe County, Nevada.   Plaintiff's race is Asian and his national origin is Indian.

7. Defendant Enterprise Holdings, Inc. is a Missouri Corporation with a principal place of business located at 600 Corporate Park Drive, St. Louis, MO 63105.  Defendant Enterprise Holdings, Inc. is a private holding company and the parent company of several car rental companies, including Enterprise Rent-a-Car.  Defendant Enterprise Holdings, Inc. is the largest car rental provider in the world, with revenue of $25.9 billion in 2019, and approximately 100,000 employees worldwide.

8. Defendant EAN Holdings, LLC is a Delaware limited liability company registered in Nevada with a principal place of business located at 600 Corporate Park Drive, St. Louis, MO 63105, and is an operating subsidiary of Defendant Enterprise Holdings, Inc.

9. Defendant Enterprise Leasing Company – West, LLC dba Enterprise Rent-a-Car is a Delaware limited liability company registered in Nevada with a principal place of business located at 600 Corporate Park Drive, St. Louis, MO 63105, and is an operating

subsidiary of Defendant Enterprise Holdings, Inc. At all times relevant to this action, while operating under the fictitious business name "Enterprise Rent-a-Car," Defendant Enterprise Leasing Company – West, LLC provided car rental services at the following locations: 3005 Mill Street, Reno, NV 89502; 2001 E. Plumb Lane, Reno, NV 89502; 809 W. 4th Street, Reno, NV 89503; 1450 E. Prater Way, Suite 113, Sparks, NV 89434; 2191 W. Williams Avenue, Fallon, NV 89406; and 4755 Pasture Road, Building 82, Fallon, NV 89496.

10. At all times relevant to this action, Defendants have continuously done business in the State of Nevada and have continuously had at least 15 employees. At all times relevant to this action, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. §§ 2000e(b), 2000e(g) and 2000e(h).

11. All of the acts and omissions alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, joint employer, integrated enterprise, employee and/or under the direction and control of the other Defendants, except as otherwise specifically alleged. Such acts and omissions were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by other Defendants. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and references shall also be deemed to mean the acts and omissions of each Defendant acting individually, jointly, and/or severally.

12. At all times relevant to this action, Defendants acted through and retained, supervised, and otherwise maintained control over their agents and employees, and are therefore

3

vicariously liable for damages resulting from the acts and omissions of such agents and employees.

IV. **STATEMENT OF FACTS**

13. Plaintiff was employed by Defendants from May 2014 until October 2018.

14. Plaintiff began working for Defendants on May 19, 2014 as an Intern at the Enterprise Rent-a-Car located at 3005 Mill Street, Reno, NV 89502 (hereinafter "Mill Street Enterprise").

15. As an Intern, Plaintiff performed the same responsibilities as a Management Trainee, which is ranked one level higher than an Intern. Plaintiff assisted customers with renting cars, sold customers insurance and other services, and performed marketing in the area.

16. In September 2014, Plaintiff was transferred to the Enterprise Rent-a-Car located at 1450 E. Prater Way, Suite 113, Sparks, NV 89434 (hereinafter "Sparks Enterprise").

17. In March 2015, Plaintiff was promoted to Management Trainee and was transferred to the Enterprise Rent-a-Car located in the Reno-Tahoe International Airport at 2001 E. Plumb Lane, Reno, NV 89502 (hereinafter "Reno Airport Enterprise").

18. In May 2015, Plaintiff was transferred to Enterprise Truck Rental, which was located at the Mill Street Enterprise.

19. In January 2016, Plaintiff was transferred to the Enterprise Rent-a-Car located in downtown Reno at 809 W. 4th Street, Reno, NV 89503 (hereinafter "Downtown Reno Enterprise").

20. In May 2016, Plaintiff was promoted to Assistant Manager of the Downtown Reno Enterprise.

4

21. In September 2016, Plaintiff's Area Manager, Joseph Brandhagen, told Plaintiff that he was being paid too much and that his commission would be reduced from 4.5% to 4%.

22. When Plaintiff complained about the reduced commission, Mr. Brandhagen told Plaintiff to wait a month and a promotion would become available.

23. In October 2016, Plaintiff was promoted to Assistant Manager of the Mill Street Enterprise, which was the largest Enterprise Rent-a-Car in the area.

24. In November 2016, after Plaintiff had been working as the Assistant Manager of the Mill Street Enterprise for a month, Mr. Brandhagen informed Plaintiff of his new compensation plan, which actually resulted in a reduction of Plaintiff's pay.

25. Under the new compensation plan presented to Plaintiff by Mr. Brandhagen, Plaintiff would be earning less as the Assistant Manager of the Mill Street Enterprise than he was earning as the Assistant Manager of the Downtown Reno Enterprise, even though his position as Assistant Manager of the Mill Street Enterprise was characterized as a promotion.

26. Plaintiff complained about the reduced pay to Group Rental Manager, Shane Jarrell, who refused to adjust Plaintiff's compensation plan.

27. In March 2017, Plaintiff was promoted to Branch Manager of the Sparks Enterprise, the Enterprise Rent-a-Car located at 2191 W. Williams Avenue, Fallon, NV 89406 (hereinafter "Fallon Enterprise"), and the Enterprise Rent-a-Car located in the Fallon Naval Air Station (hereinafter "NAS") at 4755 Pasture Road, Building 82, Fallon, NV 89496 (hereinafter "Fallon NAS Enterprise").

28. Plaintiff's compensation plan as Branch Manager included a starting salary of approximately $47,500 per year, and commission based on approximately 65% of the

revenue earned at the Sparks Enterprise and 35% of the revenue earned at the Fallon and Fallon NAS Enterprises.

29. As Plaintiff had worked at the Sparks Enterprise from September 2014 until March 2015, he was aware that Paul Freeman, the former Branch Manager of the Sparks Enterprise, Fallon Enterprise, and Fallon NAS Enterprise, earned commission based on 100% of the revenue earned at the three Enterprise locations he managed.

30. Upon information and belief, the compensation plan for the other Branch Managers, a majority of whom are Caucasian, included a starting salary, and commission based on 100% of the revenue earned at the locations the Branch Managers managed.

31. Upon Information and belief, Plaintiff was paid less than other Branch Managers due to his race and national origin.

32. In August 2017, Plaintiff won an award for Nevada Branch Manager of the Year.

33. In September 2018, Defendants passed up Plaintiff for a promotion and hired Plaintiff's Caucasian assistant, Cheryl Perryman, for the position that Plaintiff had applied to, although Ms. Perryman was less qualified for the position than Plaintiff.

34. Upon information and belief, Plaintiff was passed up for this promotion due to his race and national origin.

35. In September 2018, Plaintiff attempted to discuss his compensation plan with Mr. Brandhagen, but Mr. Brandhagen did not respond to Plaintiff for over a month.

36. On October 17, 2018, Plaintiff gave his "two weeks notice" to Defendants.

37. Plaintiff's employment with Defendants terminated on October 17, 2018.

V. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

38. On January 17, 2019, Plaintiff filed a formal charge of discrimination with the Nevada Equal Rights Commission (hereinafter "NERC"). **A true and correct copy of the Charge is attached hereto as "Exhibit 1" and is incorporated herein by reference.**

39. NERC dual filed the January 17, 2019 Charge with the Equal Employment Opportunity Center (hereinafter "EEOC"), and the Charge was processed as NERC Charge Number 0117-19-0009R and EEOC Charge Number 34B-2019-0056.

40. The January 17, 2019 Charge alleged that Defendants discriminated against Plaintiff in relation to his employment with Defendants on the basis of Plaintiff's race and national origin.

41. On September 10, 2020, NERC issued a Right to Sue Notice. **A true and correct copy of the Right to Sue Notice is attached hereto as "Exhibit 2" and is incorporated herein by reference.**

42. All conditions precedent to the institution of this lawsuit have been fulfilled.

## VI. CLAIMS FOR RELIEF

### FIRST CLAIM
### [RACIAL DISCRIMINAITON IN VIOLATION OF TITLE VII]

43. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this Complaint.

44. Defendants failed to promote Plaintiff and discriminated against Plaintiff with respect to his compensation, terms, conditions and/or privileges of employment because of Plaintiff's race.

45. The foregoing conduct constitutes illegal race-based employment discrimination prohibited by Title VII, 42 U.S.C. § 2000e-2(a).

46. As a direct and proximate cause of Defendants' violations of Title VII, 42 U.S.C. § 2000e-2(a), Plaintiff suffered injuries warranting the recovery of damages, in an amount to be determined at trial.

## SECOND CLAIM
## [RACIAL DISCRIMINAITON IN VIOLATION OF NRS 613.330]

47. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this Complaint.

48. Defendants failed to promote Plaintiff and discriminated against Plaintiff with respect to his compensation, terms, conditions and/or privileges of employment because of Plaintiff's race.

49. The foregoing conduct constitutes illegal race-based employment discrimination prohibited by NRS 613.330(1).

50. As a direct and proximate cause of Defendants' violations of NRS 613.330(1), Plaintiff suffered injuries warranting the recovery of damages, in an amount to be determined at trial.

## THIRD CLAIM
## [NATIONAL ORIGIN DISCRIMINAITON IN VIOLATION OF TITLE VII]

51. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this Complaint.

52. Defendants failed to promote Plaintiff and discriminated against Plaintiff with respect to his compensation, terms, conditions and/or privileges of employment because of Plaintiff's national origin.

53. The foregoing conduct constitutes illegal national origin-based employment discrimination prohibited by Title VII, 42 U.S.C. § 2000e-2(a).

54. As a direct and proximate cause of Defendants' violations of Title VII, 42 U.S.C. § 2000e-2(a), Plaintiff suffered injuries warranting the recovery of damages, in an amount to be determined at trial.

### FOURTH CLAIM
### [NATIONAL ORIGIN DISCRIMINAITON IN VIOLATION OF NRS 613.330]

55. Plaintiff realleges and incorporates by reference each paragraph previously alleged in this Complaint.

56. The foregoing conduct constitutes illegal national origin-based employment discrimination prohibited by NRS 613.330(1).

57. Defendants failed to promote Plaintiff and discriminated against Plaintiff with respect to his compensation, terms, conditions and/or privileges of employment because of Plaintiff's national origin.

58. As a direct and proximate cause of Defendants' violations of NRS 613.330(1), Plaintiff suffered injuries warranting the recovery of damages, in an amount to be determined at trial.

### VII. PRAYER FOR RELIEF

WHEREFORE, in light of the foregoing, Plaintiff respectfully requests that the Court enter the following relief in this matter:

A. Enter judgment against Defendants and in favor of Plaintiff as to each claim alleged in this Complaint;

B. Order Defendants to pay Plaintiff compensatory damages as permitted under applicable law, in an amount to be determined at trial;

C. Order Defendants to compensate Plaintiff for past and future pecuniary losses resulting from the unlawful employment practices described above, including without limitation,

      backpay, front pay, job search expenses, and medical expenses, in an amount to be determined at trial;

D.   Order Defendants to compensate Plaintiff for past and future nonpecuniary losses resulting from the unlawful employment practices described above, including without limitation, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in an amount to be determined at trial;

E.   Order Defendants to pay Plaintiff exemplary and punitive damages for Defendants' malicious and/or reckless conduct, to the extent permitted by applicable law, in an amount to be determined at trial;

F.   Order Defendants to pay Plaintiff prejudgment and post-judgment interest pursuant to applicable law;

G.   Order Defendants to pay Plaintiff's reasonable attorney's fees, costs, and expenses pursuant to applicable law; and

H.   Award all such further legal and equitable relief as the Court deems just and proper.

## VIII. JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: December 9, 2020       Respectfully Submitted,

                                              Jagroop Sandhu
                                              425 Manciano Way
                                              Reno, NV 89521
                                              (775) 443-2749
                                              jaggu1991@yahoo.com
                                              *Pro Se Plaintiff*

## Index of Exhibits

Exhibit 1..................................................January 17, 2019 Charge of Discrimination

Exhibit 2..................................................September 10, 2020 Right to Sue Letter

# EXHIBIT 1

## January 17, 2019
## Charge of Discrimination

# EXHIBIT 1

## January 17, 2019
## Charge of Discrimination

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 0117-19-0009R<br>34B-2019-00056 |

Nevada Equal Rights Commission _____ and EEOC
State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Jagroop Sandhu | (775) 544-6569 | 1991 |

Street Address: 425 Manciano Way, Reno, NV 89521

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| ENTERPRISE HOLDINGS | 500 or More | (702) 597-4555 |

Street Address: 6855 Bermuda Road, Las Vegas, NV 89119

DISCRIMINATION BASED ON (Check appropriate box(es).)
[X] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 10/15/2016    Latest: 10/17/2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The Respondent discriminated against me due to my race (non-White), and national origin (Indian). I was denied compensation, subjected to unequal wages, subjected to different terms and conditions of employment and I constructively discharged. I filed my complaint with the Nevada Equal Rights Commission on October 15, 2018.

I worked for the Respondent from May 19, 2014 through October 17, 2018 and I was employed as a Branch Manager at the time of my separation.

Starting on or about the fall of 2016, I experienced a sudden decrease in pay and I was never given an explanation as to why. In March of 2017 I was promoted to Branch Manager. My starting salary as Branch Manager was roughly $58,000.00 per year but every other Branch Manager I am aware of was paid at least $65,000.00 as starting salary. I believe I was the lowest paid Branch Manager during the remainder of my

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Jan 17, 2019
Date            Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT     RECEIVED

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE   JAN 17 2019
(month, day, year)

NERC Reno

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] FEPA<br>[X] EEOC | 0117-19-0009R<br>34B-2019-00056 |

Nevada Equal Rights Commission _____ and EEOC
*State or local Agency, if any*

employment. Additionally, management determined that I would only be able to receive 65% of revenue from the commissions I made. Every other Branch Manager I am aware of is able to receive 100% of the revenue.

I complained to management on multiple occasions and asked why it was that I was being paid less but I was never provided an explanation. I complained for the last time in September of 2018 after which I believed that the situation would not improve and I made the decision to constructively discharge on October 17, 2018. The majority of Branch Managers are white and all of them were paid more than myself even though my performance was exemplary, so much so that I was awarded the Branch Manager of the year award for the state of Nevada. Sagar Bhakta (non-White, Indian) was an Assistant Manager who was also being paid less than his similarly situated coworkers and he quit under similar circumstances. I believe that I was paid less due to my national origin and my being non-White.

I believe the Respondent's actions violated Title VII of the Civil Rights Act of 1964, as amended, and Nevada State Law.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>RECEIVED<br>JAN 17 2019 |
| Jan 17, 2019          [signature]<br>*Date*            *Charging Party Signature* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)*    NERC Reno |

# EXHIBIT 2

**September 10, 2020
Right to Sue Letter**

# EXHIBIT 2

**September 10, 2020
Right to Sue Letter**



NEVADA EQUAL RIGHTS COMMISSION

September 10, 2020

STEVE SISOLAK
Governor

ELISA CAFFERATA
Director

KARA M. JENKINS
Administrator

Jagroop Sandhu
425 Manciano Way
Reno, NV 89521

Sent via E Mail and US Mail Delivery –
Jaggu1991@yahoo.com

RE: Jagroop Sandhu vs. Enterprise Holdings
NERC No. 0117-19-0009R   EEOC No. 34B-2019-00056

Dear Mr. Sandhu:

The Nevada Equal Rights Commission (NERC) is in receipt of your petition for reconsideration dated **July 29, 2020** (pursuant to NAC 233.090). Your NERC file was forwarded to me for review. A careful and in-depth review of the case file was conducted, and all relevant material considered.

This is to inform you that I concur with the Compliance Investigator's conclusion that the evidence did not meet the legal criteria for establishing that discriminatory acts occurred. Your case filed with the NERC is considered closed. You may request a substantial weight review of NERC's findings by the federal Equal Employment Opportunity Commission (EEOC), Los Angeles District Office, located at 255 E. Temple Street, 4th Floor, Los Angeles, CA 90012. This request must be made in writing within 15 days of the date of this letter.

Furthermore, it is inappropriate to contact, inquire or consult with any other agency or employee of the Department of Employment, Training and Rehabilitation regarding NERC's final determination. Instructions for next appropriate steps are with the EEOC for substantial weight review as mentioned.

**Right-to-Sue Notice:** This letter constitutes your state Right-to-Sue Notice.

**NOTE: In light of the global pandemic and maintaining safe practices, NERC will deem this matter closed for tolling purposes once the Governor lifts the stay-at-home order.**

Please be advised that the NERC's adverse determination does not preclude you from filing a lawsuit in state court pursuant to Nevada Revised Statutes (NRS) 613.420.

NRS 613.430 provides the following timeframes to file in state court, "No action authorized by NRS 613.420 may be brought more than 180 days after the date of the act complained of or more than 90 days after the date of the receipt of the right-to-sue notice...whichever is later. When a complaint is filed with the Nevada Equal Rights Commission, the limitation provided by this section is tolled as to any action authorized by NRS 613.420 during the pendency of the complaint before the Commission."

**Jagroop Sandhu vs. Enterprise Holdings**
NERC No. 0117-19-0009R    EEOC No. 34B-2019-00056
Page 2

If you have any further questions regarding your case, you should consult with a private attorney for specific legal advice.

Sincerely,

*Kara M. Jenkins*
Kara M. Jenkins
Administrator